UNITED STATES of America, Appellee,

v.

**Jerry Jerome ROCHKIND, Appellant.**

No. 81–5003.

United States Court of Appeals,
Fourth Circuit.

Argued Jan. 8, 1982.

Decided March 18, 1982.

Rehearing Denied June 8, 1982.

Stephen N. Goldberg, Baltimore, Md., for appellant.

Barbara S. Sale, Asst. U. S. Atty., Baltimore, Md. (J. Frederick Motz, U. S. Atty., Baltimore, Md., on brief), for appellee.

Before INGRAHAM *, Senior Circuit Judge, and WIDENER and PHILLIPS, Circuit Judges.

PER CURIAM:

Rochkind appeals his conviction on two counts of receiving goods which had been stolen from interstate commerce, in violation of 18 U.S.C. § 659. We affirm.

In December, 1977, a tractor-trailer carrying china bound from Ohio to New Jersey was stolen while stopped in Baltimore, Maryland. The stolen china was stored in Page Van & Storage, Rochkind's employer, which company was owned by Rochkind's wife. Rochkind sold some of the china so stored to an undercover state police officer. Later that month another tractor-trailer of china was similarly stolen, and stored, and Rochkind attempted a sale thereof which was not completed.

Rochkind claims several grounds for reversal, the principal being that the district court erred in not allowing him to show that the china itself was traveling in violation of federal law. He claims that the carrier had not complied with the Interstate Commerce Commission's licensing requirements thus affecting the district court's jurisdiction. The district court held the question of whether the carrier was properly licensed by the ICC to be irrelevant. We agree. The statute Rochkind is charged under deals with goods in interstate commerce. The china here was clearly in interstate commerce, and the carrier's status with respect to its license is not relevant. *Nassif v. U. S.*, 370 F.2d 147 (8th Cir. 1966).

We have examined the remainder of Rochkind's contentions and find them to be without merit.

* Honorable Joe M. Ingraham, Senior Circuit Judge for the Fifth Circuit, sitting by designation.

Accordingly, the judgment of conviction is

AFFIRMED.